UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE RAY D.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C18-5467 BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

      Plaintiff appeals the ALJ's 2017 non-disability decision. The ALJ found testicular cancer, borderline intellectual functioning and depression are severe impairments; plaintiff retains the RFC to perform light work with additional limitations; plaintiff has no past relevant work but can perform other jobs in the national economy. Tr. 20-28. Plaintiff contends the ALJ misevaluated the opinion of Richard Bolton, Ph.D., and plaintiff's testimony. Dkt. 11. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**A.    Dr. Bolton**

      Dr. Bolton opined plaintiff can understand and remember 1-3 step routine instructions, can complete simple, repeated, familiar tasks and will occasionally require additional support to understand job requirements but can complete tasks independently after a short period of

instruction. Tr. 764-65. Plaintiff contends the ALJ harmfully failed to account for these limitations.

The ALJ found plaintiff was not limited to 1-3 step tasks based upon his work history. Tr. 26. Plaintiff contends this is a "conclusion not an explanation." Dkt. 11 at 3. However, the ALJ may discount a doctor's opinion that is inconsistent with a claimant's work history, which is what the ALJ did here. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Additionally, Dr. Bolton's opinion plaintiff can perform 1-3 step instructions is consistent with the ALJ's RFC determination that plaintiff can perform simple routine tasks, and work that is limited to simple work-related decisions. *See e.g. Koch v. Astrue*, 2009 WL 1743680 at * 15 (D.Or. June 15, 2009) ("Doctor Bates–Smith further explained that Koch's work history and activities of daily living showed that Koch could understand and remember simple, three-step instructions. . . Thus, I conclude that the ALJ's decision to limit Koch to simple, routine tasks adequately captured his limitation.");

Further at step five, the VE identified jobs reasoning level 2 jobs that plaintiff can perform such as product assembler DOT 706.684-022, or laundry folder DOT 369.687-018. Tr. 27. This reasoning level is consistent with an RFC limiting a claimant to simple, routine or repetitive work. *See Zavalin v. colvin*, 778 F.3d 842, 846 (9th Cir. 2015); *Bannister v. Colvin*, 2016 WL 5141722 at *5 (W.D.Wa. Sept. 21, 2016) ("The ability to carry out instructions of three steps or less is not inconsistent with Reasoning Level 2 jobs. *See* DOT, App. C, 1991 WL 688702; *Ashley v. Astrue*, No. C11-1986, 2012 WL 3599275 (W.D. Wa. July 20, 2012); *Hamlett v. Astrue*, No. C11-3818, 2012 WL 469722 (C.D. Ca. Feb. 14, 2012) (correlating Reasoning Level 1 with one and two step instructions and Reasoning Level 2 with three and four-step

instructions)." Hence the ALJ identified jobs that are consistent with Dr. Bolton's opinion that plaintiff is limited to performing 1-3 step routine instructions.

The jobs the VE identified jobs also have a Specific Vocational Preparation (SVP) level of 2. Plaintiff has not explained how or why the support he needs to understand job requirements is inconsistent with the requirements of a SVP 2 level job. Plaintiff bears the burden of establishing the ALJ harmfully erred and has failed to do so. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (Court may not reverse unless error is harmful, and claimant has burden of showing harm). For the reasons above, the Court rejects plaintiff's argument that the ALJ harmfully failed to account for all limitations assessed by Dr. Bolton.

**B.     Plaintiff's Testimony**

The ALJ gave at least one valid reason to discount plaintiff's testimony. The ALJ found plaintiff's testimony was not supported by the medical evidence. Tr. 24. The ALJ gave great weight to Guillermo Rubio's M.D. opinion that plaintiff can perform light work. Tr. 26. This is a valid reason because the ALJ may consider the opinion of physician to discount a claimant's testimony. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also gave weight to Dr. Bolton's opinion. Dr. Bolton did not find plaintiff's mental limitations precluded employment and as discussed above the ALJ's RFC determination accounts for the limitations Dr. Bolton assessed.

The ALJ also found plaintiff's work history undercut his testimony about his physical and mental limitations. Tr. 25. The ALJ found plaintiff's work as a property manager, Swanson's employee, cannery worker, and wood-stove warehouse worker, and his ability to perform work digging ditches, replacing sprinkler heads, mowing and performing grounds maintenance, undercut his testimony about his physical and mental limitations. Tr. 25. The ability to work

while allegedly disabled is a clear and convincing reason to discount a claimant's testimony. *See Bray v. Astrue*, 554 F.3d 1219, 1227 (9th Cir. 2009) (a claimant's employment and seeking of work while allegedly disabled are proper grounds for discounting his testimony). Even if plaintiff's past work did not constitute substantial gainful activity, it illustrates an ability to work that cannot be squared with his testimony about his limitations. Further as the ALJ noted, plaintiff stopped working some of his past jobs for reasons other than physical or mental limitations, or for reasons that the plaintiff was not sure of. Tr. 25 Hence there is little to show plaintiff stopped past jobs due to disability.

The Court notes plaintiff's contention the ALJ erred in failing to develop the record. Dkt. 11 at 5. The ALJ's duty to develop the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). However, plaintiff presents nothing showing an ambiguity existed or that the record is inadequate; plaintiff accordingly fails to show harmful error. Plaintiff also argues in his reply brief the case should be reversed because the ALJ did not fully develop the medical record "beginning with the preceding 12 months of filing his applications." Dkt. 16 at 4. But plaintiff fails to articulate how this harmed him, i.e., are there medical records from this period that would undermine the ALJ's determination. As plaintiff bears the burden of proving harm and has failed to do so, the Court declines to find reversible error.

The ALJ gave other reasons to discount plaintiff's testimony but even if the other reasons are erroneous, the error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is

at most harmless error where an ALJ provides other reasons that are supported by substantial evidence). The Court accordingly affirms the ALJ's assessment of plaintiff's testimony.

For all of the reasons set forth above, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

DATED this 2nd day of January, 2019.

```
                                    _____
                                    BRIAN A. TSUCHIDA
                                    Chief United States Magistrate Judge
```